UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                          **'O'**

| Case No. | 5:26-cv-01026-CAS-MAR | Date | March 13, 2026 |
|---|---|---|---|
| Title | Budi T. Sihombing v. Kristi Noem et al. | | |

Present: The Honorable    CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS) – PETITIONER'S *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE (Dkt. 2, filed on March 5, 2026)

## I.   INTRODUCTION

On March 5, 2026, Budi Torang Sihombing filed a petition for writ of habeas pursuant to 28 U.S.C. § 2241 and complaint for declaratory and injunctive relief against Kristi Noem, Pamela Bondi, Todd Lyons, Ernesto Santacruz Jr., Fereti Semaia, the United States Immigration and Customs Enforcement ("ICE"), and the Department of Homeland Security ("DHS") (collectively, "Respondents"). Dkt. 1 ("Pet."). The petition requests that the Court: order Petitioner's immediate release from custody or, in the alternative, afford Petitioner a bond hearing before an immigration judge; enjoin Respondents from removing petitioner from the United States while his motion to reopen his final removal order is pending before the Board of Immigration Appeals; require Respondents to provide at least seventy-two hours' advance written notice to Petitioner's counsel prior to any intended removal of Petitioner outside this District; and order Respondents to conduct a 90-day post-removal order custody review. Id. at 9-11.

The same day, Petitioner filed the instant *ex parte* application for a temporary restraining order ("TRO"), dkt. 2, and a memorandum in support. Dkt. 3 ("App.").

On March 5, 2026, the Court enjoined Respondents from relocating Petitioner outside the Central District of California until further order of Court. Dkt. 6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                         **'O'**

| Case No. | 5:26-cv-01026-CAS-MAR | Date | March 13, 2026 |
|---|---|---|---|
| Title | Budi T. Sihombing v. Kristi Noem et al. | | |

On March 9, 2026, Respondents filed an opposition to Petitioner's *ex parte* application. Dkt. 8 ("Opp."). On March 10, 2026, Respondents filed a supplemental response. Dkt. 9.

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.    BACKGROUND

Petitioner alleges the following in his petition.

Petitioner has an administratively final removal order from 2011. For nearly fourteen years thereafter, he lived under and complied with an Order of Supervision ("OSUP"). Pet. ¶ 13.

On December 2, 2025, ICE detained Petitioner at a routine OSUP check-in and transferred him to the Adelanto ICE Processing Center, were he remains in custody. Id. ¶ 14.

Petitioner is the approved beneficiary of a family-based Form I-130 Petition filed by his U.S. citizen son. Id. ¶ 15. U.S. Citizenship and Immigration Services ("USCIS") approved the petition in 2022. Id. ¶ 15.

On February 9, 2026, Petitioner, through counsel, filed with the Board of Immigration Appeals ("BIA") a motion to reopen his removal proceedings to seek Adjustment of Status—a form of relief that was not available at the time of his 2011 administratively final order of removal. Id. ¶ 16. The motion was accompanied by an emergency request for a stay of removal. Id. ¶ 16.

In connection with the pending motion to reopen and Petitioner's eligibility for Adjustment of Status, a comprehensive Post-Order Custody Review ("POCR") packet was personally served on ICE on or about February 6, 2026, pursuant to 8 C.F.R. § 241.4. Id. ¶ 17. The submission documented Petitioner's lengthy compliance with his Order of Supervision ("OSUP"), significant family and community ties, demonstrated rehabilitation, and eligibility for less restrictive alternatives to detention. Id. ¶ 17.

On February 25, 2026, the BIA denied Petitioner's emergency stay request. Id. ¶ 18. The underlying motion to reopen, however, remains pending before the BIA. Id. ¶ 18.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                              **'O'**

| Case No. | 5:26-cv-01026-CAS-MAR | | Date | March 13, 2026 |
|---|---|---|---|---|
| Title | Budi T. Sihombing v. Kristi Noem et al. | | | |

On March 2, 2026, the 90-day statutory removal period under 8 U.S.C. § 1231(a)(l) expired.  Id. ¶ 19.  Following the expiration of that period, Petitioner's counsel contacted ICE to request an update regarding the required 90-Day Post Order Custody Review ("POCR") pursuant to 8 C.F.R. § 241.4.  Id. ¶ 19.  Later that same day, ICE informed counsel via email that the review had allegedly been completed and a decision issued.   However, ICE has not provided counsel with a copy of the purported written decision or any notice of an individualized custody determination.  Id. ¶ 19.

Notwithstanding the pending motion to reopen before the BIA, ICE attempted to effectuate Petitioner's removal.  Id. ¶ 20.  On February 28, 2026, officers transported Petitioner for removal, pressured him to sign documents, and confined him in an airport holding cell.  Id. ¶ 20.  On March 1, 2026, the attempted removal was aborted, and Petitioner was returned to the Adelanto ICE Processing Center after the alleged scheduled flight was cancelled.  Id. ¶ 20.

Respondents do not contest Petitioner's version of the facts.  See generally Opp. They note only that Petitioner is subject to a final order of removal, which was sustained by the BIA on October 21, 2009.  Opp. at 2.  Moreover, Respondents state that on January 6, 2026, Petitioner requested a bond hearing before an immigration judge but that the immigration judge denied Petitioner a bond hearing because Petitioner was not subject to any pending removal proceedings.  Id. at 2.

## III.   LEGAL STANDARD

"Ex parte applications are permitted solely for extraordinary relief.  Whether to grant them is within the discretion of the district court."  Thomas v. Thomas Wylde, LLC, No. 17-CV-04158-JAK (PJWx), 2017 WL 8236279, at *1 (C.D. Cal. June 7, 2017). To justify such relief, an applicant must present evidence showing that it "will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures."  See Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995).

A temporary restraining order is an "extraordinary remedy," and a motion requesting one is assessed under the same rubric as a motion for a preliminary injunction. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008).  The Ninth Circuit summarized the Supreme Court's clarification of the standard for granting preliminary injunctions in Winter as follows: "[a] plaintiff seeking a preliminary injunction must

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 5:26-cv-01026-CAS-MAR | Date | March 13, 2026 |
|---|---|---|---|
| Title | Budi T. Sihombing v. Kristi Noem et al. | | |

establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009); see also Cal Pharms. Ass'n v. Maxwell-Jolly, 563 F.3d 847, 849 (9th Cir. 2009). Alternatively, "'serious questions going to the merits' and a hardship balance that tips sharply towards the plaintiff can support issuance of an injunction, so long as the plaintiff also shows a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 622 F.3d 1045, 1053 (9th Cir. 2010). Serious questions are those "which cannot be resolved one way or the other at the hearing on the injunction." Bernhardt v. Los Angeles Cty., 339 F.3d 920, 926 (9th Cir. 2003) (quoting Republic of the Philippines v. Marcos, 862 F.2d 1355, 1362 (9th Cir. 1988)).

If the Court issues a TRO, it must also issue an order to show cause why a preliminary injunction should not issue. C.D. Cal. L.R. 65-1.

## IV.  DISCUSSION

### A.  Jurisdiction to Enjoin Petitioner's Removal

Respondents argue that "[t]o the extent that Petitioner seeks to overturn the immigration court's prior bond decision, the Court does not have jurisdiction to hear that claim." Opp. at 3 (citing Leonardo v. Crawford, 646 F.3d 1157, 1160 (9th Cir. 2011)). Second, Respondents argue that "[t]he Court does not have the authority to grant a TRO for the purposes of enjoining Petitioner's removal from the United States." Id. at 3-4 (citing Rauda v. Jennings, 55 F.4th 773 (9th Cir. 2021)).

Section 1252(g) strips this Court of jurisdiction to review "any cause or claim by or on behalf of an alien arising from the decision or *action* by the Attorney General to commence proceedings, adjudicate cases, or *execute removal orders* against any alien under this chapter." 8 U.S.C. § 1252(g) (emphases added). See Jennings v. Rodriguez, 583 U.S. 281, 294 n.3; Ibarra-Perez v. U.S., 154 F.4th 989, 996 (9th Cir. 2025); Balogun v. Sessions, 330 F. Supp. 3d 1211, 1214 (C.D. Cal. 2018). Therefore, the Court may not review Respondents' decision of whether or when to execute Petitioner's removal order. Rauda v. Jennings, 55 F.4th 773, 777 (9th Cir. 2022) ("1252(g)'s jurisdictional bar on 'claim[s] ... arising from the decision or action by the Attorney General to ... execute removal orders' does not include any temporal caveats. ... '[T]he discretion to decide

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 5:26-cv-01026-CAS-MAR | Date | March 13, 2026 |
|----------|------------------------|------|----------------|
| Title | Budi T. Sihombing v. Kristi Noem et al. | | |

*whether* to execute a removal order includes the discretion to decide *when* to do it. Both are covered by [§ 1252(g)]").

Similarly, Section 1252(b) provides that judicial review of an order of removal may not be brought before the district court.[1] Accordingly, the Court lacks jurisdiction to enjoin Petitioner's removal.

Nonetheless, these statutory provisions do not provide a jurisdictional bar to this Court's ability, pursuant to 28 U.S.C. § 2241, to review Petitioner's claims that his *detention* is unlawful. See Mosqueda v. Noem, No. 5:25-CV-02304 CAS (BFM), 2025 WL 2591530, at *3 (C.D. Cal. Sept. 8, 2025); Preiser v. Rodriguez, 411 U.S. 475, 484 (1973) ("The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody.").

## B.    Petitioner's Detention

Respondents argue that because Petitioner has been detained for less than six months and fails to show that there is no significant likelihood that he will be removed in the reasonably foreseeable future, Petitioner's present detention does not violate Due Process and the Supreme Court's holding in Zadvydas v. Davis, 533 U.S. 678 (2001). Id. at 4.

"Section 241(a) of the Immigration and Nationality Act (INA), codified at 8 U.S.C. § 1231(a), authorizes the detention of noncitizens who have been ordered removed from the United States." Johnson v. Arteaga-Martinez, 596 U.S. 573, 575 (2022). Under this statute, a noncitizen ordered removed must be detained for 90 days pending the government's efforts to secure the noncitizen's removal. See 8 U.S.C. § 1231(a)(2). Section 1231(a)(6) "authorizes further detention if the Government fails to remove the [noncitizen] during those 90 days." Zadvydas, 533 U.S. at 682. The statute, however, is limited to "a period reasonably necessary to bring about [the noncitizen's] removal from the United States" and "does not permit indefinite detention." Id. at 689.

---

[1] Section 1251(b)(2) provides: "The petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." 8 U.S.C. § 1251(b)(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 5:26-cv-01026-CAS-MAR | Date | March 13, 2026 |
|---|---|---|---|
| Title | Budi T. Sihombing v. Kristi Noem et al. | | |

Here, Petitioner is subject to an administratively final removal order. App. at 2. Petitioner was previously released on an OSUP but was taken into custody on December 2, 2025 to effectuate his removal. See Opp. at 5. According to Respondents, ICE is in possession of Petitioner's travel documents which "confirms that Petitioner's removal to Indonesia can be effectuated within the reasonably foreseeable future." Dkt. 9 at 1.

Reviewing the factual record, the Court finds that Petitioner's present detention beginning on December 2, 2025, is authorized by 8 U.S.C. § 1231(a)(6) for the purpose of executing Petitioner's removal order.

This case is distinguishable from others in which a petitioner challenges the lawfulness of his detention that was not an action taken to execute a removal order and that occurred while he was subject to *pending* removal proceedings. See, e.g., Padilla v. Bowen, No. 2:25-CV-10780-CAS-SK, 2025 WL 3251368, at *6 (C.D. Cal. Nov. 21, 2025). This case is also distinguishable from those in which a petitioner challenges his detention and is subject to a removal order but "there is no significant likelihood of [the petitioner's] removal in the reasonably foreseeable future." Zadvydas v. Davis, 533 U.S. 678, 701 (2001). By contrast, Petitioner's removal here is reasonably foreseeable. See Dkt. 9 at 1 (Respondents "confirm[ing] that Petitioner's removal to Indonesia can be effectuated within the reasonably foreseeable future."). Thus, the Court finds that Petitioner is not likely to succeed on the merits of his due process challenge to his detention.

C.     **Post Removal Order Custody Review**

8 C.F.R. § 241.4, titled "Continued detention of inadmissible, criminal, and other [noncitizens] beyond the [90-day] removal period," sets "out procedures DHS must follow to impose continued detention." Johnson v. Guzman Chavez, 594 U.S. 523, 529 (2021). This regulation applies to "alien[s] who ha[ve] filed a motion to reopen immigration proceedings for consideration of relief from removal, including withholding or deferral of removal ...." 8 C.F.R. § 241.4(b)(1). It requires the "district director or Director of the Detention and Removal Field Office [to] conduct [an] initial custody review," i.e., a POCR, and specifies that "[f]or aliens described in ... (b)(1) of this section [i.e., aliens who have filed a motion to reopen immigration proceedings], the district director ... will conduct a records review prior to the expiration of the removal period." 8 C.F.R. § 241.4(h)(1). Moreover, the regulation requires "written notice [to be provided] to the detainee approximately 30 days in advance of the pending [custody]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 5:26-cv-01026-CAS-MAR | Date | March 13, 2026 |
|---|---|---|---|
| Title | Budi T. Sihombing v. Kristi Noem et al. | | |

review so that the alien may submit information in writing in support of his or her release." 8 C.F.R. § 241.4(h)(2). Moreover, the regulation requires that "[a] copy of any [custody] decision by the district director … to release or to detain an alien shall be provided to the detained alien" and that "[a] decision to retain custody shall briefly set forth the reasons for the continued detention." 8 C.F.R. § 241.4(d).

Here, Petitioner's 90-day removal period expired on March 2, 2026, and Petitioner states that "ICE has not issued or provided Petitioner or his Counsel with a written Day-90 POCR decision or notice reflecting an individualized custody determination. Specifically, although ICE communicated to counsel that a review had allegedly been completed, it has not provided the required written decision or notice. This is despite counsel's February 6, 2026 submission of a POCR packet …. Continued detention [of Petitioner] without a timely, individualized determination is contrary to law." App. at 7.

8 C.F.R. § 241.4 requires the government to provide Petitioner with "[a] copy of any [custody] decision … to detain [Petitioner]" and requires such "[a] decision … [to] briefly set forth the reasons for the continued detention." 8 C.F.R. § 241.4(d). Because Respondents do not appear to have complied with these requirements here, Petitioner is likely to succeed on his claim that Respondents' conduct violates Petitioner's due process rights. See Sameena Inc. v. U.S. Air Force, 147 F.3d 1148, 1153 (9th Cir. 1998) (An agency's failure to follow its own regulations that protect the interests of a party before the agency may be a due process violation).

Petitioner is also likely to suffer irreparable harm absent the government providing him with a copy of his POCR custody decision that he is entitled to under 8 C.F.R. § 241.4. See Baird v. Bonta, 81 F.4th 1036, 1040 (9th Cir. 2023) ("It is well-established that the first factor is especially important when a plaintiff alleges a constitutional violation and injury. If a plaintiff in such a case shows he is likely to prevail on the merits, that showing usually demonstrates he is suffering irreparable harm no matter how brief the violation.").

The last two Winter factors "merge when the Government is the opposing party." Nken v. Holder, 556 U.S. 418, 435 (2009). The government has a significant interest in the enforcement of its immigration laws. Nevertheless, the Court finds that the balance of equities and public interest factors tip in favor of Petitioner because Petitioner alleges conduct by the government that is likely in violation of federal law. See Valle del Sol Inc. v. Whiting, 732 F.3d 1006, 1029 (9th Cir. 2013) ("[I]t is clear that it would not be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    'O'

| Case No. | 5:26-cv-01026-CAS-MAR | Date | March 13, 2026 |
|---|---|---|---|
| Title | Budi T. Sihombing v. Kristi Noem et al. | | |

equitable or in the public's interest to allow the [government] . . . to violate the requirements of federal law.") (citations omitted); see also Rodriguez v. Robbins, 715 F.3d 1127, 1145 (9th Cir. 2013) (the government "cannot suffer harm from an injunction that merely ends an unlawful practice").

## V.   CONCLUSION

In accordance with the foregoing, the Court **GRANTS in part** Petitioner's request for a temporary restraining order. It is hereby **ORDERED** that within seven days of this Order, Respondents shall:

1. Inform the Court of the current status of Petitioner's Post Order Custody Review under 8 C.F.R. § 241.4.

2. Provide Petitioner and his counsel with a copy of his Post Order Custody Review that sets forth the reasons for his continued detention in compliance with 8 C.F.R. § 241.4.

3. Petitioner shall not be removed from the United States until he and his counsel are provided with a copy of Petitioner's Post Order Custody Review and final resolution of his petition.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |